UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN UJINSKI, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 19-cv-1004-JES-JEH |
| CITY OF PEKIN, and JOHN DOSSEY, Individually and in his Official Capacity, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

Now before the Court is Defendants' Motion to Dismiss (Doc. 12) Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has filed a Response (Doc. 17). For the reasons that follow, the Motion is DENIED.

### BACKGROUND

Plaintiff is a former police officer who worked for the City of Pekin for over a decade before his termination in January 2017.[1] He brings this § 1983 case against the City of Pekin and John Dossey (the police chief), alleging that he was fired because of statements he made in his capacity as a member of the executive bargaining committee of the police union. According to Plaintiff, Mr. Dossey retaliated against him for certain union-related statements in violation of Plaintiff's First Amendment Rights.

For the purposes of resolving this Motion, the Court will assume the following factual allegations from Plaintiff's Complaint as true. Plaintiff worked as a police officer for the City of Pekin for approximately 13.5 years, and he consistently met legitimate job expectations before

---

[1] Plaintiff's Complaint (Doc. 1) indicates that he was terminated on January 2, 2017, while his Response (Doc. 17) indicates that he was terminated on January 4, 2017.

1

his firing in January 2017. He was a member of the union executive bargaining committee. In 2016, Plaintiff and the Chief of Police (Defendant Dossey) argued over union matters several times. In retaliation for Plaintiff's union advocacy, Defendant Dossey treated misbehavior by Plaintiff unusually harshly: he demanded that Plaintiff be disciplined for using his emergency lights when responding to a backup request, and on an occasion when Plaintiff used force that other members of the department had used without being disciplined in similar circumstances, Dossey sought criminal prosecution for Plaintiff's use of force. Dossey initiated termination proceedings against Plaintiff despite Dossey's earlier statement that he did not care about Plaintiff's use of force. Doc. 1, pp. 2–4.

Defendants attached the findings from Plaintiff's termination proceeding to their Motion to Dismiss, claiming that the document should be considered part of the pleadings because of Plaintiff's reference to his termination. Doc. 12, p. 6. Those findings indicate that the Fire and Police Commission of Pekin based Plaintiff's termination on his unjustified use of force against a restrained minor, his failure to notify anyone of his use of force at first, and his subsequent misrepresentation of what had happened (there was video of the incident). Doc. 12, Exh. 1, pp. 2–4. Even assuming that the Commission's findings can be considered due to Plaintiff's reference to his termination,[2] the findings do not alter the Court's reasoning, which follows.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing

---

[2] *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), provides that documents referred to in the complaint that are central to a plaintiff's claim may be considered part of the pleadings, even when not attached to the complaint itself. In *Tierney*, the Seventh Circuit specified that this is a "narrow exception aimed at cases interpreting, for example a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id*. (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

## DISCUSSION

### 1. Statute of Limitations

Defendants correctly note that the statute of limitations for a First Amendment retaliation claim is two years. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Plaintiff filed his Complaint on January 2, 2019. Doc. 1. He alleges that he was fired on either January 2 or January 4, 2017, either of which would be within the two-year limit. *Id*.; Doc. 17. Although the Complaint does not list dates during which the other alleged retaliatory conduct occurred, the allegations culminate in Plaintiff's termination, and so the prior acts likely occurred prior to January 4, 2017. Plaintiff argues that these other acts (Dossey disciplining Plaintiff for using his emergency lights, demanding Plaintiff be prosecuted for the use of force, calling the State's Attorney and asking that a warrant for Plaintiff's arrest be issued, and initiating termination proceedings) are still actionable because they are connected enough to the firing to constitute "a continuing violation and not merely discrete, isolated, and completed acts which must be regarded as individual violations." Doc. 17, p. 3. Plaintiff further argues that Dossey's actions

before Plaintiff's termination "were harassing, offensive, and humiliating and constituted more of a hostile work environment than discrete acts upon which a claim could be filed." *Id.*

The Court disagrees. While a retaliation claim can indeed involve a pattern of behavior that a plaintiff only later discovers is retaliatory (*see Spalding v. City of Chicago*, 186 F.Supp.3d 884, 913 (N.D. Ill. 2016)), rather than discrete actionable occurrences, the Supreme Court has distinguished between claims of "discrete retaliatory acts" and hostile work environments. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) ("We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period. … A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."). In this case, Plaintiff has alleged discrete actionable conduct: in the context of First Amendment claims, a retaliatory act is actionable when it "creates the potential for chilling employee speech on matters of public concern." *Thomsen v. Romeis*, 198 F.3d 1022, 1027 (7th Cir. 2000).

Plaintiff has alleged that Dossey retaliated against him by wrongly disciplining him for using his emergency lights and by demanding that Plaintiff be punished for a use of force that "he did not really care about." Doc. 1, p. 3. Plaintiff was ultimately terminated for that use of force. The Court finds that Plaintiff has sufficiently pleaded that the termination itself was a discrete retaliatory act, initiated by Dossey's actions. Because Plaintiff's termination occurred within the statute of limitations period, and because the Court cannot determine whether the remaining alleged conduct is time-barred or if it occurred between January 2, 2017 and January 4, 2017, Defendants' Motion to Dismiss based on the statute of limitations is DENIED.

## 2. Terminating Party

Defendants further argue that the Complaint should be dismissed because the Pekin Fire and Police Commission officially fired Plaintiff, not Dossey or the City of Pekin. Doc. 12, p. 7. Plaintiff points out that the Commission is not a suable entity (it is an extension of the City of Pekin) and therefore could not be a proper defendant. Doc. 17, p. 6.

"For a defendant to be liable under § 1983, he or she must have participated directly in the constitutional violation." *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). As this Court recently noted in *Sprout v. Hudson*, 2019 WL 1002501 (C.D. Ill. March 1, 2019), an individual defendant who directly participated in firing a plaintiff on unconstitutional grounds may not immunize themselves from § 1983 liability by pointing out that a broader entity was technically the plaintiff's employer. *See also Owen v. City of Independence, Missouri*, 445 U.S. 622 (1980) (reversing grant of summary judgment in § 1983 suit brought against city manager, individual city council members, and the city itself); 42 U.S.C. § 1983 ("*Every person* who, under color of [state law], subjects, or causes to be subjected, any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law … .") (emphasis added). The Commission is an arm of the City of Pekin, and Dossey allegedly caused unconstitutional action against Plaintiff. Plaintiff has therefore sufficiently pleaded that these Defendants are appropriate, and Defendants' Motion to Dismiss is DENIED on this ground as well.

## 3. Connection of Speech and Termination

Lastly, Defendants contend that Plaintiff has failed to plausibly allege any connection between his union activity in 2016 and his firing in 2017. Doc. 17, p. 6. According to Defendants, Plaintiff was terminated for his conduct relating to a use of force, and Plaintiff has

failed to allege that he was terminated in retaliation for his union activity. *Id.* In response, Plaintiff states that he has alleged that the termination was retaliatory: Dossey singled Plaintiff out for drastic, severe punishment for a relatively minor offense, while other officers (who did not negotiate with Dossey on behalf of the union) were not likewise referred to the Board for similar conduct. Doc. 17, p. 5. That is, while the Board might have terminated Plaintiff for the reasons they listed, Plaintiff would never have been before the Board in a termination proceeding if not for his union-related speech and Dossey's subsequent retaliatory conduct. *Id.*

Taking Plaintiff's allegations in the Complaint as true and drawing all permissible inferences in his favor, he has pleaded that the termination itself was retaliatory. According to Plaintiff, Dossey caused the termination proceedings to commence, in an attempt to punish him for his union-related speech. Plaintiff has sufficiently alleged that Dossey was therefore a cause of the alleged constitutional deprivation, and the Complaint should not be dismissed for failing to allege a connection between Plaintiff's speech and his termination.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. 12) is DENIED.

Signed on this 18th day of March, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge